UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                          :

LUCIA MARKETT, individually and on behalf  :
of others similarly situated,
                                          :

                       Plaintiff,     :          17-cv-788 (KBF)

                                          :

                     -v-           :           ORDER

                                          :

FIVE GUYS ENTERPRISES LLC,          :

                                          :

                   Defendant.   :

-------------------------------------------------------------X

**USDC SDNY**
**DOCUMENT**
**ELECTRONICALLY FILED**
DOC #: _____
DATE FILED: July 21, 2017

KATHERINE B. FORREST, District Judge:

       Plaintiff Lucia Markett, who is legally blind,[1] filed this action on February 1, 2017, on behalf of herself and a nationwide class of similarly-situated individuals, against defendant Five Guys Enterprises, LLC ("Five Guys"). (Compl. ¶¶ 1-2, 21, ECF No. 1.) Defendant owns and operates casual dining restaurants, including approximately 30 locations in New York, where it sells burgers, drinks, milkshakes, hotdogs, and fries. (Id. ¶¶ 19, 31.) Defendant also operates a website—Fiveguys.com—which, among other things, allows customers to order food online for delivery or pick-up. (Id. ¶¶ 33-34.) Plaintiff asserts that, as recently as January 2017, she "browsed and intended to buy a cheeseburger with toppings on fiveguys.com" but was unable to do so because of various access barriers on defendant's website. (Id. ¶¶ 1-3, 7, 10, 48.) Plaintiff alleges that these access barriers denied her full and equal access to, and enjoyment of, the goods, benefits,

---

[1] For the purpose of deciding defendant's instant motion to dismiss, the Court accepts as true the factual allegations in plaintiff's complaint. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

and services of Five Guys and Fiveguys.com in violation of Title III of the Americans with Disabilities Act ("ADA"), the New York State Human Rights Law, the New York State Civil Rights Law, and the New York City Human Rights Law. (Id. ¶¶ 50-68.)  Plaintiff seeks declaratory and injunctive relief as well as compensatory damages.  (Id. ¶¶ 11, 112-119.)

On April 7, 2017, defendant filed a motion to dismiss plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1).  (ECF No. 14.) Defendant argues that "Title III, which prohibits discrimination on the basis of disability in places of public accommodation, only governs access to the goods and services available at physical facilities.  Because [plaintiff] has only alleged that she was denied access to a non-physical space, i.e., Five Guy's website, her Complaint fails to state an essential element of her Title III claim—that she was denied the full and equal enjoyment of a place of public accommodation."  (Memorandum of Law in Support of Defendant's Motion to Dismiss Plaintiff's Class Action Complaint for Failure to State a Claim and Lack of Subject Matter Jurisdiction ("Mem. in Supp."), ECF No. 15, at 10.)  Defendant further argues that "[e]ven if Five Guy's website is a place of public accommodation . . . [plaintiff] does not allege, nor can she, that the website is in violation of any established regulations implementing Title III."  (Id.)  Lastly, defendant states that it is currently in the process of completing a large-scale website renovation effort that will result in its website being accessible to plaintiff and other blind and visually impaired individuals.  (Id.

at 2.)  Defendant thus claims that plaintiff's instant action is moot and must be dismissed for lack of subject matter jurisdiction.  (Id.)

The Court has reviewed the relevant statutory provisions and applicable case law and concludes that, at this point, plaintiff has stated a claim that is not moot. Accordingly, defendant's motion to dismiss is DENIED.[2]

The "ADA's sweeping purpose [is to] . . . forbid[] discrimination against disabled individuals in major areas of public life." Mary Jo C. v. N.Y. State & Local Ret. Sys., 707 F.3d 144, 160 (2d Cir. 2013) (second alteration in original) (quoting PGA Tour, Inc. v. Martin, 532 U.S. 661, 674 (2001)).  Title III of the ADA provides: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, (or leases to) or operates a place of public accommodation."  42 U.S.C. § 12182(a); see 28 C.F.R. § 36.201.  The statute explicitly covers twelve categories of entities, which includes establishments that "serv[e] food or drink (e.g., restaurants and bars)." 42 U.S.C. § 12181(7)(B).  "To state a claim under Title III, [the plaintiff] must allege (1) that she is disabled within the meaning of the ADA; (2) that defendants own, lease, or operate a place of public accommodation; and (3) that defendants discriminated against her by denying her a full and equal opportunity to enjoy the services defendants provide." Camarillo v. Carrols Corp., 518 F.3d 153,

---

[2] The Court has applied the well-known standard applicable to motions to dismiss in this District. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56, 570 (2007); Ashcroft, 556 U.S. at 678 (2009); Starr v. Sony BMG Music Entm't, 592 F.3d 314, 321 (2d Cir. 2010).

156 (2d Cir. 2008).  The Court concludes that plaintiff has met these three requirements and has stated a claim under Title III of the ADA.

First, defendant does not dispute that plaintiff has sufficiently plead that she is disabled within the meaning of the ADA.  (Mem. in Supp. at 14 n.3.)  Second, the text and purposes of the ADA, as well as the breadth of federal appellate decisions, suggest that defendant's website is covered under the ADA, either as its own place of public accommodation or as a result of its close relationship as a service of defendant's restaurants, which indisputably are public accommodations under the statute.[3]  See 42 U.S.C. § 12181(7)(B) (defining public accommodation to include "a restaurant, bar, or other establishment serving food or drink."); Pallozzi v. Allstate Life Ins. Co., 198 F.3d 28, 32-33 (2d Cir. 1999); Rendon v. Valleyscrest Productions, Ltd., 294 F.3d 1279, 1283 (11th Cir. 2002); Carparts Distribution Ctr., Inc. v. Automotive Wholesalers Assoc. of New England, Inc., 37 F.3d 12, 19-20 (1st Cir. 1994); Doe v. Mutual of Omaha Ins. Co., 179 F.3d 557, 559 (7th Cir. 1999).  Third, accepting plaintiff's factual allegations as true, defendant has denied plaintiff a full and equal opportunity to enjoy the services it provides through its website.  The ADA and its implementing regulations state that discrimination under the statute

---

[3] This view also aligns with the position taken in various contexts by the Department of Justice, which is responsible for enforcing Title III.  See ECF Nos. 27-2 to 27-5; Applicability of the Americans with Disabilities Act (ADA) to Private Internet Sites: Hearing before the House Subcommittee on the Constitution of the House Committee on the Judiciary, 106th Cong., 2d Sess. 65-010 (2000) ("It is the opinion of the Department of Justice currently that the accessibility requirements of the Americans with Disabilities Act already apply to private Internet Web sites and services."); 75 Fed. Reg. 43460-01 (July 6, 2010) ("The Department believes that title III reaches the Web sites of entities that provide goods or services that fall within the 12 categories of 'public accommodations,' as defined by the statute and regulations.").  The DOJ's position in this regard is entitled to some deference under Skidmore v. Swift & Co., 323 U.S. 134 (1944).

includes "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden."  42 U.S.C. § 12182(b)(2)(A)(iii); see 28 C.F.R. § 36.303.  Plaintiff has identified steps that defendant can take to ensure equal access to its website by the blind, such as by using the Web Content Accessibility Guidelines 2.0.  (See Compl. ¶61; Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss the Complaint, ECF No. 27, at 30-31.)

Lastly, the Court rejects defendant's argument that plaintiff's claims are moot.  While defendant may be in the process of updating the accessibility of its website, they have yet to successfully do so.  Defendant has not established that "it [is] absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur."  Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 189, (2000) (quoting United States v. Concentrated Phosphate Export Assn., 393 U.S. 199, 203 (1968)).

5

In conclusion, for the reasons stated above, plaintiff has stated a claim for relief that is not moot and defendant's motion to dismiss is therefore DENIED.  The Clerk of Court is directed to terminate the motion at ECF No. 14.

SO ORDERED.

Dated:     New York, New York
           July 21, 2017

_____
        KATHERINE B. FORREST
        United States District Judge

6